# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JIMMY D. WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-CV-438-HSM-DCP ) |
| DR. LARRY YATES, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On June 13, 2019, the Court entered an order requiring Plaintiff to show cause within fourteen days of entry of the order why this cause should not be dismissed for Plaintiff's failure to keep the Court informed of his address [Doc. 8]. The Court warned Plaintiff that if he failed to comply with the order, the Court would dismiss this action [*Id*. at 2]. On June 26, 2019, the order was returned to the Clerk by the United States Postal Service with a notation that Plaintiff had been paroled and had left no forwarding address [Doc. 9]. To date, Plaintiff has not updated his address or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff failed to keep the Court updated of his address, and this first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court has attempted to warn Plaintiff that the Court would dismiss this case if he failed to comply with the Court's orders [*See* Docs. 4 & 8].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding *in forma pauperis* [Doc. 4] in this matter, and he has not pursued the case since filing his complaint with the Court more than twenty months ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b), and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED**.

                *s/ Harry S. Mattice, Jr.*
                HARRY S. MATTICE, JR.
                UNITED STATES DISTRICT JUDGE